## 1857.  SESSIONS *v.* THE STATE.

1. The evidence supports the verdict.
2. The rule forbidding a party to impeach his own witness does not prevent that party from proving a state of facts inconsistent with the testimony of a witness who has testified on his side of the case.
3. The middleman in an illegal sale of intoxicating liquor, to be free from criminal responsibility, must act solely as agent of the buyer. If he induces the transaction, or if he acts as agent for both parties, or if he has a profit from the transaction, he is guilty of violating the law.

Accusation of sale of liquor, from city court of Statesboro—Judge Brannen. April 19, 1909.

Argued May 18,—Decided June 15, 1909.

*Anderson & Speer*, for plaintiff in error.

*Fred T. Lanier, solicitor*, contra.

POWELL, J. The defendant was convicted of the illegal sale of liquor. He approached two gentlemen named Smith and Oglesby, and told them he could get them some liquor at $1.25 per quart. They gave him the money and he went off and returned. It is plain from the evidence that he never delivered any liquor to Oglesby. As to whether he made a delivery to Smith the testimony is conflicting. Smith himself testified that the defendant did not deliver it to him. It was proved, however, that he and the defendant went behind a door in a store, and that the defendant surreptitiously passed him something which he hid under his coat. One witness stated, that he could not see both parties; that he saw the defendant's hand go out, and there was a pint of whisky in it; that he did not see Smith take hold of the package, but the defendant's hand came back empty. Another witness testified that he could not see what was in the package, but that Smith received it and put it under his coat. Smith himself says that the defendant handed him no package—that he only returned him the money. The defendant made a statement, soon after his arrest, apparently freely and voluntarily, that he had delivered the whisky to Smith. He makes the further point that he was merely the agent for the purchaser, and can not be convicted, because he disclosed the person from whom he purchased the whisky—one Love. The latter, however, was sworn as a witness, and testified that the defendant's statement in this respect was untrue. The court allowed different witnesses for the State to testify to contradictory statements made by the defendant as to whether he had got the whisky from Love or not; and to this exception is taken. There is also an exception to the refusal of the court to allow counsel to ask a question, but it nowhere appears what answer he anticipated; and therefore the exception is not well taken. Exception is also taken to the following charge to the jury: "If the defendant bought whisky from some one for the buyer, and the defendant acted wholly as the agent for the buyer at the instance and request of the buyer, he would not be guilty of selling liquor,

22

and you so find him in this case." This instruction is said to be erroneous in that it is so qualified. as to hold the defendant liable if he acted as agent both for the buyer and the seller.

1. The evidence is sufficient to authorize the conviction. The jury were authorized to find that the defendant in the transaction was not merely agent for the buyer, acting without benefit or consideration to himself, but that he was either the actual seller or was agent for the seller. *White* v. *State,* 93 *Ga.* 51 (19 S. E. 49). On the question of delivery the admission of the defendant, coupled with the corroborating circumstances appearing in the proof, was sufficient to make out this element of the offense. *Douglas* v. *State,* ante, 157 (64 S. E. 490).

2. Even to allow a party to disprove facts testified to by his own witness is not a violation of the rule which prohibits a party from impeaching his own witness unless he has been entrapped. Much less so is it a violation of this rule to allow the State to prove that the defendant made different statements of the transaction to different witnesses. Hence the objection to allowing testimony of this nature was not well taken.

3. The instruction excepted to is not erroneous. The middleman in an illegal sale of liquor, to be immune from liability, must act wholly as the agent of the purchaser. If he induces the sale, or if he is acting for the seller in any wise, he can not relieve himself from responsibility by getting the purchaser to create him his agent also.        *Judgment affirmed.*