## 2477.  HIGHSMITH *v.* CITY OF WAYCROSS.

1. "On the trial of one charged with having violated the law by illegally selling intoxicating liquor, proof that the accused received money from another person, accompanied with a request to procure whisky for the latter, and shortly thereafter delivered whisky to such person, puts the onus on the defendant of explaining where, how, and from whom he got the liquor (*Grant* v. *State,* 87 *Ga.* 265 [13 S. E. 554]); and if the explanation offered by him is supported only by his own statement, the jury, if they believe it to be a mere subterfuge to cover up an illegal sale by himself, are authorized to find him guilty. *White* v. *State,* 93 *Ga.* 47 [19 S. E. 49]." *Mack* v. *State,* 116 *Ga.* 546 (41 S. E. 776). See also *Sessions* v. *State,* 6 *Ga. App.* 336 (64 S. E. 1101). This rule ap-

plies to municipal prosecutions for having liquor on hand for the purpose of unlawful sale. *Bray* v. *Commerce*, 5 *Ga. App.* 605 (63 S. E. 596)..

2. The venue was abundantly shown.

3. The judge did not err in refusing to sanction the certiorari.

Certiorari; from Ware superior court—Judge Parker. February 1, 1910.

Submitted March 22,—Decided April 6, 1910.

*E. S. Chastain, John J. Moore,* for plaintiff in error.

*Leon A. Wilson,* contra.

POWELL, J. The headnotes control the case. If they did not control it by an affirmance, we would be inclined to take up the motion to dismiss, but the result we have reached being the same that would be reached by the motion to dismiss, and being capable of accomplishment with less effort, we have allowed the case to take this direction. The motion to dismiss is based on the ground that after the bill of exceptions was certified by the judge and service was acknowledged by counsel for the defendant in error, the attorney for the plaintiff in error altered it by adding his signature,. thus attempting to cure what was a fatal omission. If the transaction thus alleged in the motion to dismiss were admitted to be true, it would result in a dismissal of the bill of exceptions; and if it were necessary for us to go into the question (while we could not take up any issue of fact), we might ascertain the facts through the medium of a rule calling upon the plaintiff in error to answer whether the facts alleged in the motion were true or not. As said above, the result we have reached makes this unnecessary. Yet the matter alleged in the motion to dismiss is not a trivial matter. For counsel to change the bill of exceptions after it has been certified is highly improper; and if the allegations in the motion to dismiss are true, it would be the duty of the judge of the superior court, upon the facts being called to his attention, to take such steps by way of attachment for contempt as the interests of justice dictate. If our facilities for investigating the facts were adequate, we would not allow the charge thus made, reflecting as it does upon the conduct of counsel and upon the integrity of the records of this court and of the superior court, to go unnoticed. It is fair, however, to emphasize the fact that this court has not investigated the matter; and to state that one of the attorneys for the plaintiff in error has promptly disclaimed that the allegation is true so far as

he is concerned or knows.    We refer the matter to the attention
of the judge of the superior court, who has full jurisdiction to act.
Compare statement on the motion for rehearing in the case of
*Miller* v. *Smith,* 6 *Ga. App.* 447, 449 (65 S. E. 292).

*Judgment affirmed.*