## 2829. PLUMMER v. THE STATE.

The case is controlled by *Sessions* v. *State*, 6 *Ga. App.* 336 (3), (64 S. E. 1101).

DECIDED OCTOBER 14, 1910.

Accusation of sale of liquor; from city court of Dublin—Judge Hawkins. June 18, 1910.

*Hal B. Wimberly,* for plaintiff in error.

*W. C. Davis, solicitor,* contra.

POWELL, J. It seems to be difficult for the courts to teach Plummer that the way of the transgressor is hard. This is the third time he has been convicted and has appealed to this court; and each time it has been "something concerning a little liquor." His untoward skepticism as to the efficiency of the prohibition law has been costly to him; for each of the previous convictions against him has been sustained; and so now is the one at bar.

The middleman in an illegal sale of intoxicating liquor, to be free from criminal responsibility, must act solely as agent for the buyer. If he delivers the liquor and receives the money from the purchaser, he is prima facie a violator of the law; and if he would escape criminal responsibility, he must satisfy the jury that he did not induce the transaction, that he had no profit in it, that he was not an agent of the seller, and that he acted solely as agent for the purchaser.        *Judgment affirmed.*

---

## 2830. LOWRY v. THE STATE.

HILL, C. J. 1. In a prosecution for assault and battery, where the evidence shows that the beating was by "pushing and shoving," it was not error to instruct the jury that "to beat is not necessarily to whip, to injure, or to hurt, but includes any unlawful imposition of the hands or arms."

2. No error of law appears; and while the evidence in support of the verdict is quite weak, we can not say there was no evidence to support it.        *Judgment affirmed.*

DECIDED OCTOBER 14, 1910.

Accusation of assault and battery; from city court of Hazlehurst —Judge Bennett. June 22, 1910.

*H. A. King,* for plaintiff in error.

*J. R. Grant, solicitor,* contra.