#### 4404. GUILFORD *v.* THE STATE.

HILL, C. J.   1. The middleman in an illegal sale of intoxicating liquor, to be free from criminal responsibility, must act solely as agent for the buyer. If he induces the transaction, or acts as agent for both parties, or *if he has a profit in the transaction,* he is guilty of violating the law.   *Plummer* v. *State,* 8 *Ga. App.* 379 (69 S. E. 28); *Sessions* v. *State,* 6 *Ga. App.* 336 (64 S. E. 1101); *Cheatwood* v. *Buchanan,* 9 *Ga. App.* 828 (72 S. E. 284); *Highsmith* v. *Waycross,* 7 *Ga. App.* 611 (67 S. E. 677).

2. The evidence clearly showing that the accused was given a dollar for the purpose of buying whisky, and that, in compliance with the request of the person who gave him the dollar, he bought whisky from a third person and paid seventy-five cents for it, but retained for himself twenty-five cents, he was interested in the sale; and this evidence was sufficient to support the verdict of guilty.

3. There being positive and direct evidence that the accused made a profit from an illegal sale of the whisky, there was no error in the refusal of the court to instruct the jury as to the law of circumstantial evidence.

*Judgment affirmed.*

DECIDED OCTOBER 22, 1912.

Accusation of sale of liquor; from city court of Blackshear—Judge Milton. August 1, 1912.

*E. H. Williams,* for plaintiff in error.

*S. F. Memory, solicitor,* contra.

---

#### 4409. RIDLEY *v.* CITY OF ATLANTA.

POTTLE, J.   The evidence warranted the conviction in the municipal court, and there was no error in refusing to sanction the certiorari.

*Judgment affirmed.*

DECIDED OCTOBER 22, 1912.

Certiorari; from Fulton superior court—Judge Ellis. July 17, 1912.

*John A. Boykin,* for plaintiff in error.

*J. L. Mayson, W. D. Ellis Jr.,* contra.