### 6240.   MYERS *v.* THE STATE.

BROYLES, J.   1. On the trial of one charged with selling intoxicating liquors, where the sole defense relied on is that the accused had no interest whatever in the sale, but acted simply as the agent of the purchaser, the burden is on the accused to show how, when, and from whom he obtained the liquor; and unless he does this to the satisfaction of the jury, they are authorized to conclude that his defense is merely a subterfuge, and that he was himself the seller. or at least that he was in-

terested in the sale otherwise than as agent for the purchaser. *Grant* v. *State*, 87 *Ga.* 265 (13 S. E. 554); *White* v. *State*, 93 *Ga.* 47 (19 S. E. 49); *Mack* v. *State*, 116 *Ga.* 546 (42 S. E. 776); *Gaskins* v. *State*, 127 *Ga.* 51 (55 S. E. 1045); *Highsmith* v. *Waycross*, 7 *Ga. App.* 611 (67 S. E. 677); *Cheatwood* v. *Buchanan*, 9 *Ga. App.* 828 (72 S. E. 284).

2. The evidence authorized the verdict, and the trial judge did not err in overruling the motion for a new trial.          *Judgment affirmed.*

DECIDED MAY 4, 1915.

Accusation of sale of liquor; from city court of Nashville—Judge Christian.   December 14, 1914.

*J. C. Smith, W. R. Smith,* for plaintiff in error.

*J. H. Gary, solicitor,* contra.