## 7268. LANE v. CITY OF MILLEN.

WADE, J. "On the trial of one charged with a violation of a city ordinance, in having on hand intoxicating liquors for the purpose of illegal sale, proof that the accused received money from another person, accompanied by a request to procure whisky for the latter, and thereafter went off, and in a short time returned and delivered a bottle of whisky to that person, would cast on the accused the onus of showing where, how, and from whom he got the whisky. This burden would be successfully carried by the accused if, in corroboration of his own statement, he proved by an unimpeached witness that he had in fact bought the whisky from another person and paid him for it. *Grant* v. *State*, 87 *Ga.* 265 (13 S. E. 554); *Mack* v. *State*, 116 *Ga.* 546 (42 S. E. 776); *Gaskins* v. *State*, 127 *Ga.* 51 (55 S. E. 1045)." *Bray* v. *City of Commerce*, 5 *Ga. App.* 605 (63 S. E. 596). See also *Slaughter* v. *State*, 17 *Ga. App.* 332 (86 S. E. 741). The accused, in his statement at the trial, claimed that he acted as agent for the buyer and procured the whisky from a certain negro whose identity he did not disclose. His explanation was not sufficiently corroborated to require a judgment of not guilty; for, while two witnesses testified that at or about the time the defendant claimed to have purchased the whisky from a negro, they saw a negro (identity unrevealed) "deliver a package to John Lane and John put the package in his pocket," they did not establish that this package contained the whisky delivered by the defendant to the witness for the State, or that the defendant *bought* it from this negro (see *King* v. *Hazlehurst*, 16 *Ga. App.* 333, 337, 85 S. E. 271), or even that the package contained whisky at all (except as might be indicated by an alleged statement of the defendant himself at the time). Each testified that, "from the way they acted, he [the witness] was satisfied that the package was whisky;" and it was testifed that one of these witnesses said to the defendant, "Give us a drink of that whisky I saw you get from that negro," whereupon the defendant answered that he would give them a drink, but said, "I got this for Bob Newton [a witness for the State], and he might not like it if I would give you a part of it." This testimony, however, "did not disclose how [the whisky] was obtained" (*King* v. *Hazlehurst*, supra), and otherwise fell short of what was necessary to sufficiently corroborate the explanation of the defendant; and the trial court therefore was not required to accept that explanation. The judge of the superior court did not err in overruling the certiorari.                                    *Judgment affirmed.*

DECIDED APRIL 24, 1916.

Certiorari; from Jenkins superior court—Judge Hammond. October 25, 1915.

*Dixon & Dixon,* for plaintiff in error.    *G. C. Dekle,* contra.