*S. C. Boykin,* contra.

---

### 7335.  FARMER v. THE STATE.

WADE, J.  1. "On the trial of one charged with having violated the law by illegally selling intoxicating liquor, proof that the accused received money from another person, accompanied with a request to procure whisky for the latter, and shortly thereafter delivered whisky to such

person, puts the onus on the defendant of explaining where, how, and from whom he got the liquor (*Grant v. State*, 87 *Ga.* 265 [13 S. E. 554]); and if the explanation offered by him is supported only by his own statement, the jury, if they believe it to be a mere subterfuge to cover an illegal sale by himself, are authorized to find him guilty. *White v. State*, 93 *Ga.* 47 (19 S. E. 49); *Mack v. State*, 116 *Ga.* 546 (42 S. E. 776). "This burden would be successfully carried by the accused if, in corroboration of his own statement, he proved by an unimpeached witness that he had in fact bought the whisky from another person and paid him for it." *Bray v. Commerce*, 5 *Ga. App.* 605 (63 S. E. 596).

(a) The defendant's statement does not itself clearly establish his agency for the buyer, since he does not assert that he paid to the party from whom he obtained the whisky all or any of the money entrusted to him by the buyer, and does not assert that he acted solely for the buyer, or negative the reasonable inference that he was likewise agent for the seller and received a commission on the sale. The testimony of a witness for the State which is relied upon to establish the fact that the defendant procured the whisky from another person does not show that he "in fact *bought* the whisky from another person and paid him for it." *Bray v. Commerce*, supra. He failed to corroborate his statement by unimpeached testimony showing how he obtained the whisky (*King v. Hazlehurst*, 16 *Ga. App.* 335, 337, 85 S. E. 271), and the jury were authorized to infer that the explanation was a mere subterfuge, especially since the explanation itself was incomplete.

2. There was no error in overruling the motion for a new trial.

*Judgment affirmed.*

DECIDED MAY 1, 1916.

Accusation of sale of liquor; from city court of Carrollton— Judge Beall.   February 22, 1916.

*H. H. Burns, J. O. Newell*, for plaintiff in error.

*C. E. Roop, solicitor*, contra.