### 7375. SCOTT v. THE STATE.

WADE, C. J. 1. On the trial of one accused of selling intoxicating liquor, a witness testified, that he gave the defendant a half-dollar and sent him to a named person to get a pint of whisky; that the defendant went where the witness directed him to go, procured the whisky, and brought it back to the witness; that the witness, when he directed the defendant to go to a particular person to procure the whisky, knew that that person was selling whisky; and that the transaction occurred in the county of the trial and was within two years next preceding the filing of the accusation. The defendant in his statement at the trial gave an explanation of another alleged sale of whisky by him, but denied explicitly that he personally ever procured any whisky for the witness whose testimony is recited above, and asserted his innocence. The rule is well settled that proof that one charged with selling in-

toxicating liquors, who receives money from another person, accompanied with a request to procure whisky for the latter, and shortly thereafter delivers whisky to such other person, has the onus upon him of explaining where, how, and from whom he got the liquor, and that if the explanation offered by him is supported only by his own statement, the jury are authorized to find him guilty if they believe his explanation to be a mere subterfuge to cover up an illegal sale by himself. See *Farmer* v. *State*, 18 *Ga. App.* 54 (88 S. E. 797), and cases there cited.

(a) The fact that when paying the money to the accused the person who purchased the whisky instructed him to procure the whisky from a particular person, and that the accused went to that person and procured the whisky from him, does not remove the onus resting on the defendant to show how he procured the whisky, and therefore fails to negative the reasonable inference that he was an agent of the seller as well as of the buyer, and received a commission on the sale.

2. The defendant "failed to corroborate his statement by unimpeached testimony showing how he obtained the whisky (*King* v. *Hazlehurst*, 16 *Ga. App.* 335, 337, 85 S. E. 271), and the jury were authorized to infer that the explanation was a mere subterfuge, especially since the explanation itself was incomplete." *Farmer* v. *State*, supra.

　　　　　　　　　　　　　　　　　　　　　*Judgment affirmed.*

　　　　　　　　　　DECIDED JUNE 27, 1916.

Accusation of sale of liquor; from city court of Hall county— Judge Wheeler. March 18, 1916.

*C. R. Faulkner, Ed Quillian,* for plaintiff in error.

*Hammond Johnson, solicitor,* contra.