## 3367.. BRANTLEY v. THE STATE.

1. The evidence amply authorized the verdict of guilty.
2. Under the rulings of the Supreme Court, it was not reversible error for the trial judge to leave the bench during the argument of counsel and step into an adjoining room for a few moments without the consent of counsel; it appearing that he was all the time within hearing, and that no motion for mistrial was made, nor any other objection urged at the trial.

DECIDED NOVEMBER 7, 1911.

Certiorari; from Fulton superior court—Judge Bell.  March 29, 1911.

*John Y. Smith,* for plaintiff in error.

*Hugh M. Dorsey, solicitor-general, Lowry Arnold, solicitor,* contra.

RUSSELL, J.   1.   The defendant was convicted of assault and battery, in. the criminal court of Atlanta.  He took the case to the superior court by certiorari; the certiorari ·was overruled, and he excepts to that judgment.

From the evidence it appears that the defendant's brother, several days before the alleged assault, had been arrested for selling intoxicating liquor.  The defendant and the brother met the policeman who had made the arrest, and the defendant caught him by the arm and said: "What in the hell did you mean by turning up my brother?"  The defendant and the brother then caught the policeman by each arm, and the three walked down the street until they came to a street corner, near. which there is a dark underpass.  While they were walking down the street, several other boys were in the rear, yelling, "Kill him! Hit him! Knock him in the head!"  When the corner was reached the policeman refused to go any farther, whereupon he was struck in the head with some hard substance like knucks.  The blow came from the rear, and the policeman could not tell who hit him.  At the trial in the recorder's court the defendant admitted that he did it.  In his statement during the present trial he failed to deny any of the facts stated above, except the actual hitting, and explained that the reason he took all the blame in the recorder's court was because he thought the fine there imposed would be the end of the matter.  Under the undisputed evidence the defendant was guilty.  The jury were authorized to infer that seizing the policeman's arm in anger (as evidenced by the language used) was an assault and

battery.  Furthermore, even if the defendant did not strike the
blow, he was so connected with it as to be an accomplice, and as
such equally guilty with the principal offender for the misdemeanor
there committed.

2.  The only other error complained of in the petition for certi-
orari is that during the argument to the jury trying the case the
judge of the criminal court absented himself from the court-room
for a few moments without the consent of counsel and without sus-
pending the trial.  He was all the time within hearing of what was
taking place in the court-room.  We do not approve the judge's con-
duct, but neither the defendant nor his attorney made any ob-
jection at the time.  It is undoubtedly true that the trial should
be had in the immediate presence of the judge, and when he wishes
to leave the bench for any purpose, even for the briefest space of
time, he should suspend the trial.  As Judge Bleckley says: "His
immediate presence tends to preserve the legal solemnity and se-
curity of trial, and upholds the majesty of law."  *Hayes* v.
*State,* 58 *Ga.* 35, 49.  In the case of *Horne* v. *Rogers,* 110
*Ga.* 362, 370 (35 S. E. 715, 49 L. R. A. 176), Justice Cobb
made a thorough review of all the cases on the subject and said:
"The mere absence of the judge during the progress of the trial,
when no objection is made, will not necessarily require the grant-
ing of a new trial, when the absence is only for a few moments
and for a necessary purpose; and, in order for such absence to
become reversible error, it must appear, not only that objection was
made to the judge's failure to suspend the trial, but that the absence
of the judge resulted in some harm to the losing party. . .  If
it were an open question, we would hold that the presence of the
judge at all stages of the trial is absolutely necessary to its validity,
and that the absence of the judge from the trial without suspend-
ing the same for any length of time, no matter how short, or for
any purpose, no matter how urgent, would vitiate the whole pro-
ceeding, whether objection was made by the parties interested or
not, and whether injury resulted to any one or not.  The judge
is such a necessary part of the court that his absence destroys the
existence of the tribunal, and public policy demands that the tri-
bunal authorized to pass upon the life, liberty, and property of the
citizen should be constituted during the entire trial in the manner
prescribed by law.  The great weight of authority is in harmony

with this view. The very definition of trial carries with it the idea of the superintendence of a judge."

In view of the fact that the evidence in this case practically demands a verdict of guilty, and that no objection was made to the irregularity at the time, the conduct of the judge is not cause for a new trial. . *Judgment affirmed.*