26825. BROWN *v.* THE STATE.

DECIDED APRIL 26, 1938.

L. S. Johnson, Joseph E. Webb, for plaintiff in error.
Clarence E. Adams, solicitor, contra.

GUERRY, J. The accusation charged the defendant with a misdemeanor, "For that the said D. Brown in the county aforesaid, on the 22nd day of September in the year of our Lord, 1937, did, with force and arms, then and there unlawfully attempt to commit a violent injury on the person of C. C. Echols, and the said D.

Brown did then and there unlawfully beat the said C. C. Echols, contrary to the laws of said State, the good order, peace, and dignity thereof." The jury found the defendant guilty as charged. Exceptions are taken to the overruling of the motion for new trial as amended.

■ The substance of the only ground of the amended motion for new trial is as follows: In his argument to the jury, the solicitor charged "that said Dee Brown is a gangster." Counsel for the accused made a motion for mistrial which the court overruled after instructing the jury as follows: "Gentlemen, disregard what Mr. Adams has said about gangsters. Those remarks are improper, and you must decide the case on the evidence introduced." The court also instructed counsel to refrain from referring to matters not authorized by the evidence in the case. The statement of the solicitor was not authorized by the evidence introduced at the trial. The statement was therefore improper. The Supreme Court and this court have heretofore in many instances expressly condemned such conduct, and we now reiterate what has been already expressed, that counsel should confine their argument to the facts, and such authorized inferences arising from the facts, as are properly before the court and the jury. Especially do we think it the duty of a solicitor to cautiously refrain from making statements in his argument to the jury which are unauthorized, and which will tend to prejudice the jury against the defendant. While a solicitor is necessarily a partisan, yet it is his paramount duty "to subserve public justice" (*Hicks* v. *Brantley,* 102 *Ga.* 264, 271 (29 S. E. 459)), and not merely to convict each defendant charged with a violation of the laws of this State. "While the safety of society requires the faithful prosecution of offenders against the laws, the State does not ask their conviction but upon calm and dispassionate investigation of the charges against them." *Jesse* v. *State,* 20 *Ga.* 156 (10), 169. Thus, while we expressly disapprove the conduct of the solicitor, we are not prepared to hold that it requires the grant of a new trial, in view of the instruction of the court to the jury to disregard the statement. The statement was not of a character so inherently prejudicial that its effect could not be erased from the jury's mind by an instruction from the court that it was improper and should not be considered.

■ We will now consider the general grounds of the motion for

new trial. It appears from the evidence that the prosecutor was a constable for the 204th district of Madison County, Georgia, and that the alleged assault occurred on the court-house square in the City of Danielsville in that county. The prosecutor, in his capacity as constable, had a warrant for the defendant's arrest, and informed the defendant of this fact upon seeing him in a neighboring town, at which time the defendant promised to come to Danielsville and make bond. When the defendant came to Danielsville he brought with him Mr. Boyd Butler and Mrs. I. R. Heideberg. The prosecutor was sitting on a bench in the court-house yard and defendant and Mr. Butler approached him, the defendant saying that he was ready to give bond. The prosecutor's version of the affair from this point on was as follows: "D. Brown said he wanted to give bond and we got up and started towards the court-house. I told him that the sheriff would have to take the bond. D. Brown was on my left and Boyd Butler on my right. We made about four steps, and D. Brown stepped in front of me and took my hand and asked me if I was not going to take the bond, and I told him that the sheriff would have to take the bond. He twisted my hand and jerked me around, and said 'Here is my bondsman.' Boyd Butler struck me in the face and knocked me down. . . I said nothing and did nothing to either D. Brown or Boyd Butler to cause them to assault me." J. T. Baker was standing close by, and was an eyewitness to the alleged assault. He testified in part: "I was on the court-house square in Danielsville talking with Mr. G. L. Williams, and saw Mr. C. C. Echols, Mr. D. Brown, and Mr. Boyd Butler standing talking. I heard him say something in regard to giving a bond, and Echols said he could not take the bond, they would have to go in the court-house and see the sheriff. They then turned and started towards the court-house, and Brown caught Echols by the hand and gave it a twist, and Echols said, 'What do you mean? Turn me loose,' and Brown said, 'Ain't you going to take my bond?' And Butler then walked up and hit Echols, knocking him down." Mr. R. C. Bullock testified to substantially the same facts. G. L. Williams was talking to Mr. Baker at the time of the difficulty, and turned around in time to see Mr. Butler strike the prosecutor. He testified in part: "I did not see Mr. Brown take hold of Mr. Echols's hand, or touch him at all." The defendant in his statement said that the prosecutor referred

to Mr. Butler as a son of a bitch, and that thereupon Butler struck him; that he did not touch Mr. Echols or in any way take part in the assault.

We entertain no doubt that the evidence was amply sufficient to authorize the jury to find that the defendant committed an assault and battery on the prosecutor. The defendant caught the prosecutor by the arm and asked him if he was "not going to take the bond," and upon being told that the sheriff would have to take the bond, he twisted the prosecutor's hand, jerked him around, and said, "Here is my bondsman.", "An assault is an attempt to commit a violent injury on the person of another." Code, § 26-1401. "Battery is the unlawful beating of another." § 26-1408. In 4 Am. Jur. 125, § 2, a battery is defined as the "unlawful touching or striking of the person of another by the aggressor himself or by any substance put in motion by him, done with the intention of bringing about a harmful or offensive contact or apprehension thereof which is not legally consented to by the other and not otherwise privileged." The position of counsel for the defendant is that the evidence does not disclose that the acts of the defendant in laying hold of and twisting the prosecutor's hand, and jerking him around, were done in an *angry* manner; and that in the absence of such showing the jury were not authorized to find him guilty of an assault and battery. We neither agree with the construction placed on the evidence by counsel nor the conclusion of law drawn from such construction, conceding its correctness. The jury were amply authorized to find that the defendant was angered with the prosecutor, on being told that he would have to go in the court-house to see the sheriff concerning his bond. The conduct and words of the defendant may be easily taken as an angry threat. However, we do not wish to be construed as ruling that to make out a case of assault and battery it must be shown (or the facts authorize a finding), that the battery proceeded from anger alone. Such is not a correct principle of law. Any act of physical violence (and the law will not draw a line between different degrees of violence), inflicted on the person of another, which is not necessary, is not privileged, and which constitutes a harmful or offensive contact, constitutes an assault and battery. If the circumstances of the occasion be not such as the law would permit an inference that the battery proceeded from anger, the jury may nevertheless be author-

ized to conclude, considering its nature and the circumstances, that it resulted from a lack of proper respect for the person on whom the contact was made. Contact proceeding from rudeness is as offensive and harmful as that which proceeds from anger or lust, and in law constitutes an assault and battery. In the present case there is no indication that the twisting of the prosecutor's hand and the jerking him around were done for any lawful purpose, and the jury were amply authorized to find that such acts were offensive and harmful, at least to the feelings and peace of mind of the prosecutor, and that, as such, they constituted an assault and battery. *Brantley* v. *State*, 10 *Ga. App.* 24 (72 S. E. 520); *Goodrum* v. *State*, 60 *Ga.* 509; *Lowry* v. *State*, 8 *Ga. App.* 379 (69 S. E. 34); *Hill* v. *State*, 63 *Ga.* 578 (36 Am. R. 120).

We might also state that the evidence was amply sufficient to authorize the jury to find that the defendant was responsible for the act of Butler in hitting the prosecutor. See *Knight* v. *State*, 52 *Ga. App.* 199 (182 S. E. 684); *Craig* v. *State*, 55 *Ga. App.* 207 (2) (89 S. E. 727). The court did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*