## 28272. RICHARDSON v. THE STATE.

UNDERCOFLER, Justice. Appellant was indicted because he "did. . . unlawfully" on February 16, 1973 "fail and refuse to remove his mobile home trailer, to wit: one (1) Timm Craft 12 ft. by 60 ft. Mobile Home Trailer, from land owned by Stewart Oil Company and rightfully occupied by the said John L. Richardson in Morgan County, Georgia, said property being subject to the County Zoning Ordinance then in existence in said Morgan County, Georgia, adopted by the governing authority of said Morgan County, Georgia, after the said John L. Richardson as rightful occupant was given notice to remove the said mobile home trailer from said land because of the said Zoning Ordinance, all as by law provided, contrary to the laws of said State, the good order, peace and dignity thereof."

This appeal is from the overruling of a demurrer to the indictment on various grounds including constitutional issues. These are treated in the opinion. *Held:*

1. Appellant argues that "Morgan County cannot enact criminal legislation; and that the indictment cannot stand unless alleging

(as charged) an offense contrary to the laws of Georgia. . . . And, even if Morgan County could adopt criminal legislation, it could not adopt criminal mandates forcing a person to comply with a 'notice to remove.'" Assuming for the sake of argument that these contentions are correct they have no application here. In our view the indictment charges a violation of state law for failure to comply with local zoning ordinances adopted under Ga. L. 1957, pp. 420, 431, § 12, which provides, "A violation of any ordinance or resolution adopted pursuant to the provisions of this Act is hearby declared to be a misdemeanor and, upon conviction thereof, shall be punished as provided by law." Code Ann. § 69-9904.

2. The indictment is not vague and indefinite. It is plain enough for a man of ordinary capacity to understand the nature of the offense charged. *Stephen v. State,* 11 Ga. 225 (17). See Code § 27-701. An indictment need not show the law on which it is predicated. *Lee v. State,* 184 Ga. 327 (2) (191 SE 256).

3. We have carefully considered the constitutional attacks and find them to be without merit.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 14, 1973 — DECIDED OCTOBER 25, 1973.

*D. D. Veal,* for appellant.

*Joseph B. Duke, District Attorney, Wayne B. Bradley,* for appellee.

