## 49980. J. A. T. v. STATE OF GEORGIA.

STOLZ, Judge.

This is an appeal by a juvenile who was adjudicated delinquent and in need of treatment or rehabilitation and supervision following a hearing initiated by a petition alleging that he had committed the offense of simple battery in that he, on a certain date, did intentionally cause physical harm to another named individual by sicking his dog on him.

1. The appellant contends that as a matter of law the offense of simple battery cannot be committed through the use of a dog.

Code Ann. § 26-1304 (Ga. L. 1968, pp. 1249, 1281) provides in part: "A person commits simple battery when he either (a) intentionally makes physical contact of an insulting or provoking nature with the person of another or (b) intentionally *causes* physical harm to another." (Emphasis supplied.) The key word to be construed, therefore, is "causes."

Looking first at Georgia law, although we have found no case exactly on point construing this relatively new statute, there are, nevertheless, principles which are applicable. "In all interpretations, the courts shall look diligently for the intention of the General Assembly, keeping in view, at all times, the old law, the evil, and the remedy." Code § 102-102.(9). Even under the former law, Code § 26-1408, which defined "battery" rather restrictively as "the unlawful *beating* of another" (emphasis supplied), battery was held to be committable without direct physical contact between the parties, e. g., by use of an automobile (*Henry v. State,* 49 Ga. App. 80 (3) (174 SE 183)), a motorcycle (*Maloney v. State,* 57 Ga. App. 265 (195 SE 209)), and a rock (*Hill v. State,* 63 Ga. 578). It will be noted that the present statute defining simple battery, § 26-1304, supra, is broader in its terminology than its predecessor. The word "causes," being unmodified and not defined, should be given its ordinary signification. Code § 102-102 (1). Should judicial construction of that word be deemed necessary or desirable, however, this court has supplied this at least once. "When used of a person or other subject charged with

an affirmative duty of care or of good conduct, so to speak, the word 'caused' implies not only active misconduct and deeds of commission, but also passive neglect, deeds of omission, and failure to exercise duties faithfully." *L. & N. R. Co. v. Warfield & Lee,* 6 Ga. App. 550 (4 a) (65 SE 308). "[C]riminal negligence may sometime be a sufficient substitute for deliberate intention in the commission of crime." *Tift v. State,* 17 Ga. App. 663, 664 (6) (88 SE 41) and cit. Even if the juvenile was sicking the dog on the victim in sport, not necessarily intending to injure him, it could be found to be a battery if such action amounted to criminal negligence. Compare *Hill v. State,* 63 Ga. 578, supra, which held that throwing a rock at another in sport, expecting him to dodge, was a battery. " 'Every person is presumed to intend the natural and necessary consequence of his acts.' " *Tift v. State,* supra, (3).

The dog's action was not as a matter of law such an intervening cause as would relieve its master from liability. "Generally, where there has intervened between the defendant's negligence and the injury an independent, illegal act of a third person producing the injury, and without which it would not have occurred, such independent criminal act should be treated as the proximate cause, insulating and excluding the negligence of the defendant. [Cits.]

"However, the above rule has been held inapplicable if the defendant (original wrongdoer) had reasonable grounds for apprehending that such criminal act would be committed. [Cits.] 'So far as scope of duty (or, as some courts put it, the relation of proximate cause) is concerned, it should make no difference whether the intervening actor is negligent or intentional, or criminal. Even criminal conduct by others is often reasonably to be anticipated.' [Cit.]" *Warner v. Arnold,* 133 Ga. App. 174, 177 (210 SE2d 350).

Applying this to the statute, then, the act which causes the physical harm can be active or passive, and done directly or indirectly through an agency, as long as it is done intentionally, or with criminal negligence.

This construction seems to be basically consistent with authorities outside this jurisdiction. "[I]t is no longer

important that the contact [in a battery] is not brought about by a direct application of force such as a blow, and it is enough that the defendant sets a force in motion which ultimately produces the result . . . In order to be liable for battery, the defendant must have done some positive and affirmative act; . . . The act must cause, and must be intended to cause, an unpermitted contact . . . The gist of the action for battery is not the hostile intent of the defendant, but rather the absence of consent to the contact on the part of the plaintiff. The defendant may be liable where he has intended only a joke, . . ." Prosser on Torts (4th Ed.), § 9, pp. 34-36. In dealing with causation in fact, Prosser says: "Of all of the questions involved, it is easiest to dispose of that which has been regarded, traditionally, as the most difficult: has the conduct of the defendant caused the plaintiff's harm? This is a question of fact. It is, furthermore, a fact upon which all the learning, literature and lore of the law are largely lost. It is a matter upon which any layman is quite as competent to sit in judgment as the most experienced court. For that reason, in the ordinary case, it is peculiarly a question for the jury. Causation is a fact. It is a matter of what has in fact occurred. A cause is a necessary antecedent: in a very real and practical sense, the term embraces all things which have so far contributed to the result that without them it would not have occurred. It covers not only positive acts and active physical forces, but also pre-existing passive conditions which have played a material part in bringing about the event. In particular, it covers the defendant's omissions as well as his acts. . . The defendant's conduct is a cause of the event if it was a material element and a substantial factor in bringing it about. Whether it was such a substantial factor is for the jury to determine, unless the issue is so clear that reasonable men could not differ. It has been considered that 'substantial factor' is a phrase sufficiently intelligible to the layman to furnish an adequate guide in instructions to the jury, and that it is neither possible nor desirable to reduce it to any lower terms. As applied to the fact of causation alone, no better test has been devised." Prosser on Torts, supra, § 41, pp. 237, 240. "Once it is established that the defendant's conduct has in fact been one of the causes of the plaintiff's

injury, there remains the question whether the defendant should be legally responsible for what he has caused. Unlike the fact of causation, with which it is often hopelessly confused, this is essentially a problem of law." Prosser on Torts, supra, § 42, p. 244. Applying this to the case sub judice, in which a criminal offense is charged, once it is found that the juvenile's conduct has in fact been one of the causes of the victim's injury, the juvenile's legal responsibility is imposed by the criminal statute.

A number of foreign cases have recognized that animals could be used in the commission of criminal offenses. In Dougherty v. Reckler, 191 Iowa 1195 (184 NW 304), the court said that letting a vicious dog loose "negligently sets a dangerous instrumentality in operation." In State v. Hollis, 284 Mo. 627 (225 SW 952), a case involving the crime of killing animals with dogs, the court said that the offense would be shown if the dog was "set on" an animal by the owner. In State v. Lewis, 20 Del. 332 (55 A 3), the court found that a battery would lie where one wilfully drove a horse in contact with a person. This was so even though the accused did not have the reins. The court said that the accused was guilty if he was aiding, counseling or commanding another who was managing the horse. In Lynch v. Commonwealth, 131 Va. 762 (109 SE 427), the court quoted a definition of battery as "the actual infliction of corporal hurt on another wilfully or in anger, whether by the party's own hand or by some means set in motion by him."

We hold, therefore, that as a matter of law, the offense of simple battery can be committed through the use of a dog, where it is shown that the defendant's conduct was a substantial factor in the causation.

2. The juvenile court judge did not err in overruling the motion to quash or dismiss the petition. The petition alleged the commission of the offense of simple battery by a means contemplated by the law, as we have held in Division 1, above. Even an indictment for battery has been held not to be required to allege the exact manner and means of the battery (*Hill v. State*, 63 Ga. 578, 583, supra, (2)), or to express the language of the charge in the exact language of the Code. *Moore v. Caldwell*, 231 Ga. 485 (2) (202 SE2d 425). The petition was plain enough for

a man of ordinary capacity to understand the nature of the offense charged. *Richardson v. State,* 231 Ga. 295 (2) (201 SE2d 398) and cit.

3. The evidence construed in favor of the judgment, authorized the finding of delinquency based upon the commission of simple battery through the use of the dog. Although the juvenile denied the material elements of the offense, there was evidence that he had sicked his dog on other children on previous occasions, that on the occasion in question he ran after the victim with the dog under his control on a leash yelling "sick 'em ['im?],", and that the dog began biting the victim, causing him physical harm. Although the evidence was in conflict as to whether the juvenile was holding the leash at the time the dog physically attacked the victim, this did not constitute a variance between the allegata and probata, since the petition did not contain allegations about the leash. The evidence was adequate to authorize a finding that, based upon prior custom and training, the dog was sufficiently under the juvenile's control as to respond to the stimulus of his vocal command to "sick" persons, whether he was leashed or unleashed, and that the juvenile knew or was chargeable with knowledge of this.

*Judgment affirmed. Deen, P. J., and Evans, J., concur.*

SUBMITTED JANUARY 13, 1975 — DECIDED JANUARY 30, 1975 — REHEARING DENIED FEBRUARY 11, 1975 — ■■■■■■■■

*Shelfer, Shelfer & Eldridge, Frank M. Eldridge,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, George Geiger, Assistant District Attorneys,* for appellee.