## 50600. MIZE v. THE STATE.

DEEN, Presiding Judge.

1. The defendant was convicted under an accusation couched in the language of Code § 26-1304 (b): "A person commits simple battery when he. . .(b) intentionally causes physical harm to another." The evidence showed that the prosecutrix, her husband and others were standing in line at a restaurant when she was "grabbed in the side," "grabbed firmly," "squeezed" and "pinched." It is contended that these acts fail to show physical harm.

In a case of simple battery there is no requirement that the victim received *great* bodily harm. People v. Garrett, 11 Ill. App. 3d 142 (296 NE2d 44). Under our former Code § 26-1408 battery was defined as an unlawful *beating;* nevertheless the language was stretched to include the slightest touching in a proscribed manner. *Yarborough v. State,* 17 Ga. App. 828 (88 SE 710); *Goodrum v. State,* 60 Ga. 509. Such cases would now constitute battery only under Code § 26-1304 (a). But some physical pain may be presumed to result from being "firmly grabbed" and "squeezed." The evidence sufficiently showed a simple battery under subsection (b).

2. There was additional evidence that the prosecutrix had not actually seen the defendant grab her, but knew it was the defendant because he was standing close beside her staring at her, that he gave her an insulting stare, and that she felt insulted. In this connection the defendant offered a request to charge that if the jury had a reasonable doubt that the defendant caused her physical harm they may acquit, and "physical harm means just what it says, and does not include wounded feelings or that she was offended." This is a true statement, because mere looks never constitute a battery, and a physical contact which is of an insulting nature is included only under Code § 26-1304 (a), with which the defendant was *not* charged. The court instructed the jury merely that if they had a reasonable doubt of the defendant's guilt they should acquit, and failure to instruct in accordance with the request was undoubtedly prejudicial because he further told them that simple battery consisted of *either* intentionally making physical

contact of an insulting or provoking nature *or* causing physical harm. While this is a true statement of the elements of battery, it is not a true statement of facts under which this defendant could be convicted in the face of the accusation as drawn. The jury under the instructions given might well have found that the victim was not harmed, but was justifiably offended, and cast their verdict accordingly. The error therefore requires a reversal of the case.

3. We specifically do not pass on the third enumeration of error, except to say that instructions to the jury to disregard previous trials of this case and concentrate only on the evidence given on the trial in which they were participating should not be so couched as to cause the jury to believe they must ignore testimony read from previous trials in laying a foundation for impeachment by contradictory statements where relevant in determining the credibility of a witness.

4. The remaining enumerations are either without merit or are unlikely to recur.

*Judgment reversed. Evans and Stolz, JJ., concur.*

SUBMITTED APRIL 29, 1975 — DECIDED SEPTEMBER 2, 1975.

*Robinson, Harben, Armstrong & Millikan, Sam S. Harben, Jr., Kennedy, Bussey, Sampson & Spaulding, Benjamin W. Spaulding,* for appellant.

*Douglas E. Smith, Solicitor,* for appellee.