## 69582. OWENS v. THE STATE.
### (326 SE2d 509)

BANKE, Chief Judge.

Ronnie Owens appeals his convictions of two counts of cruelty to children and one count of simple battery. The first cruelty-to-children charge involved the appellant's 9-month-old son, Christopher, and the second his 2-year-old step-daughter, Felicia. The simple battery charge involved the children's mother, whose name at the time of the alleged offenses was Carolyn Bowdry but who married the appellant prior to trial and became known as Carolyn Owens.

Count 1 of the indictment alleged that the appellant had maliciously caused Christopher excessive physical pain by "throwing said child on the bed and pushing a bottle in its mouth and hitting said child." Count 2 alleged that he had maliciously caused Felicia excessive physical pain "by hitting said child with his hands and with a belt about the face and legs and then thrown (sic) into a small chair causing her leg to be broken." Count 3 alleged that he had "intentionally cause[d] physical harm to [Mrs. Owens] by grabbing her about the neck and choking her."

Accompanied by her two children, Mrs. Owens appeared at a hospital emergency room on the date of the alleged offenses seeking medical treatment for Felicia, who was diagnosed as having a fractured

femur, or thigh bone, as well as a 1-inch laceration on her right cheek, swelling around her lips and eyes, and multiple abrasions. The attending physician characterized the fractured femur as a "complete break with displacement" and testified that it would have taken a "tremendous amount of force" to inflict such an injury. There is no indication that either Christopher or Mrs. Owens herself was treated or examined by medical personnel for any injuries.

According to Mrs. Owens, who was called as a witness by the State and testified without invoking her marital privilege, the appellant caused Felicia's facial laceration by accidentally hitting the child in the face with a belt buckle while he was spanking her for tearing some pages from a book and leaving them on the floor. Mrs. Owens opined that Felicia's leg must have been broken during a subsequent fight between herself and the appellant, when, on two separate occasions, the two of them accidentally fell on her. Mrs. Owens denied that the appellant had done anything to hurt Christopher. With regard to the simple battery charge, she admitted that she and the appellant had become involved in a fight during which the appellant had placed his hands around her neck, but she denied he had attempted to choke her.

In direct contradiction to Mrs. Owens' testimony, the attending physician, two Department of Family and Children Service caseworkers, and three police officers all testified that Mrs. Owens had told them the appellant had caused Felicia's injuries by beating the child. The two caseworkers and two of the three police officers testified that Mrs. Owens had attributed the child's broken leg to the appellant's having forcibly shoved her into a rocking chair after whipping her with the belt. One of these officers, the investigating detective on the case, testified that Mrs. Owens in fact told him the appellant had "slammed" Felicia across the rocking chair while holding the child by the upper part of her body. This witness further testified that upon being questioned following his arrest, the appellant admitted he had "lost his temper and he didn't really realize what he had done."

The only evidence to support the charge regarding Christopher consisted of the testimony of one of the three police officers to the effect that, when asked at the hospital whether the appellant had mistreated any other children besides Felicia, Mrs. Owens replied that in an effort to make Christopher stop crying, the appellant had "pushed him down on the bed and shoved a bottle — made several attempts to make the child take a bottle." The officer testified that he then examined Christopher and noticed a "discoloration around the mouth area," stating that "there had been quite a bit of pressure, in my opinion, put on there to cause that."

Testifying in his own behalf, the appellant denied having hit Fe-

licia with the belt buckle but admitted that the belt "must have cut [her] some way." He also denied having thrown the child into the rocking chair, maintaining instead that he "just took her by the hand and sat her there." As had his wife, he attributed Felicia's broken leg to the couple's having twice fallen on the child during the course of their subsequent fight. The appellant denied hitting Christopher or attempting to shove a bottle into his mouth. He also denied choking his wife, testifying that he had only been "trying to keep her from hitting me." *Held*:

1. The evidence was amply sufficient to enable a rational trier of fact to find the appellant guilty beyond a reasonable doubt of the cruelty to children charge involving Felicia. It is undisputed, even by the appellant, that he opened a 1-inch laceration in the child's face by hitting her with a belt. Furthermore, the prior statements made by Mrs. Owens to police, hospital personnel, and DFCS caseworkers to the effect that the appellant had broken the child's leg by shoving her into or slamming her across a rocking chair were admissible not only to impeach Mrs. Owens' in-court testimony but as substantive evidence of the offense. See generally *Gibbons v. State*, 248 Ga. 858, 862 (286 SE2d 717) (1982). To the extent that these statements were required to be corroborated, they were amply corroborated by the severity of the injury in question, which, according to the attending physician, would have taken a "tremendous force" to produce, and by the appellant's own in-custody admission that he had been out of control.

2. The evidence did not, however, support the conviction of cruelty to children with respect to Christopher. As previously indicated, the indictment alleged that the appellant had caused Christopher "excessive physical pain by throwing said child on the bed and pushing a bottle in its mouth and hitting said child." The only evidence to support any portion of these allegations was the testimony of one of the police officers to the effect that Mrs. Owens told him the appellant had "shoved a bottle — made several attempts to make the child take a bottle," combined with the officer's observation that there was "discoloration" around the child's mouth and his opinion that "there had been quite a bit of pressure . . . put on there to cause that." The "discoloration" in question was apparently not examined by any medical personnel at the hospital and was not apparent, even to the officer, on a photograph which had been taken of the child at the hospital. Under these circumstances, we find insufficient evidence to convince a rational trier of fact beyond a reasonable doubt that the appellant had maliciously acted to cause Christopher "cruel or excessive physical or mental pain" in the manner alleged in the indictment. See generally OCGA § 16-5-70.

3. Despite Mrs. Owens' testimony that the appellant had not at-

tempted to choke her during their fight, we do find sufficient evidence to support the simple battery conviction. One of the police officers with whom Mrs. Owens spoke at the hospital testified that she told him the appellant had both choked her and hit her around the neck area with his hands. This testimony was corroborated by Mrs. Owens' admissions that a fight had taken place and that during the fight the appellant had held her around the neck. Although there was no specific evidentiary support for the allegation in the indictment that the appellant's action had resulted in "physical harm" to Mrs. Owens, this court has previously held that "physical pain" may be presumed to occur when a person is "firmly grabbed" or "squeezed" and that such pain is sufficient to establish "physical harm" in a prosecution for simple battery. See *Mize v. State*, 135 Ga. App. 561 (1) (218 SE2d 450) (1975).

4. The court erred, however, in charging that a person may commit the offense of simple battery either by intentionally making physical contact of an insulting or provoking nature with the person of another or by intentionally causing physical harm to another. While either type of conduct constitutes simple battery pursuant to OCGA § 16-5-23, the indictment charged only that the appellant "did intentionally cause physical harm to [Mrs. Owens] by grabbing her about the neck and choking her."

It is not usually cause for a new trial that an entire code section is charged where only a portion is applicable. See, e.g., *Estes v. State*, 251 Ga. 347, 349 (305 SE2d 778) (1983). However, it is reversible error to instruct the jury that an offense may be committed in more than one manner where only one manner is alleged in the indictment and no remedial instructions are given to limit the jury's consideration to that particular manner. See *Walker v. State*, 146 Ga. App. 237 (2, 3) (246 SE2d 206) (1978); *Perkins v. State*, 151 Ga. App. 199 (2) (259 SE2d 193) (1979); *Robinson v. State*, 152 Ga. App. 296 (262 SE2d 577) (1979). Accord *Sarnie v. State*, 247 Ga. 414 (276 SE2d 589) (1981). No such remedial instructions were given in the present case, despite defense counsel's specific objection to the charge on this ground. Compare *Lumpkin v. State*, 249 Ga. 834 (2) (295 SE2d 86) (1982); *Slack v. State*, 159 Ga. App. 185 (2) (283 SE2d 64) (1981); *Caithaml v. State*, 163 Ga. App. 429 (294 SE2d 674) (1982). Consequently, the inclusion of the entire code section in the charge must be considered reversible error.

5. The court further erred in failing to instruct the jury on the defense of accident with respect to the cruelty-to-children charge involving Felicia, and in failing to instruct on self-defense with respect to the simple battery charge, notwithstanding the appellant's failure to request such charges. "If an affirmative defense is raised by the evidence, including the defendant['s] own statements, the trial court

must present the affirmative defense to the jury as part of the case in its charge, even absent a request." *Booker v. State*, 247 Ga. 74 (274 SE2d 334) (1981). See also *Grubbs v. State*, 167 Ga. App. 365, 367 (306 SE2d 334) (1983); *Harris v. State*, 145 Ga. App. 675 (244 SE2d 620) (1978).

Both the appellant and his wife attributed Felicia's broken leg to their having fallen on her accidentally, and the appellant testified that in holding his wife about the neck he was only "trying to keep her from hitting me." Farfetched though these explanations may seem to us, "[i]t is the function of the jury, not the appellate court, to determine the credibility of witnesses and weigh any conflicts in the evidence accordingly." *Watts v. State*, 239 Ga. 725, 727 (238 SE2d 894) (1977). "The judge cannot arbitrarily reject the defense theory raised by the accused's testimony as unworthy of belief and refuse to charge upon the issue raised." *Spradlin v. State*, 151 Ga. App. 585, 586-587 (260 SE2d 517) (1979). Accord *Jones v. State*, 161 Ga. App. 610 (4) (288 SE2d 788) (1982); *Kimbrell v. State*, 148 Ga. App. 302, 304-305 (250 SE2d 883) (1978).

*Judgment reversed. Pope and Benham, JJ., concur.*

DECIDED JANUARY 17, 1985.

*James D. Clark, Thomas M. Hackel*, for appellant.
*Harry D. Dixon, Jr., District Attorney*, for appellee.