## 76751. LYMAN v. THE STATE.
(374 SE2d 563)

BENHAM, Judge.

In this appeal from his conviction for simple battery, appellant contends that the evidence was not sufficient to support a conviction and that the trial court erred by giving the jury a harmfully misleading instruction in response to a question it asked. We disagree with the first contention, but agree with the second and, accordingly, reverse the conviction.

1. According to the testimony of the victim in this case, she was working behind the counter in a convenience store when appellant came in to buy gasoline. Apparently because of appellant's dissatisfaction with the quality of the victim's service, harsh words and epithets were exchanged. The verbal violence escalated until it became physical: appellant picked up some paper bags that were stacked on the counter and hit the victim with them. She testified that the blow caused her pain.

Appellant's testimony was somewhat different. He agreed that he was displeased with the victim because she took too long arranging for him to pump gas and getting ready to accept payment. He denied,

however, that he struck her with bags held in his hand, swearing that he merely picked up two or three of the smallest bags there and threw them at the victim.

The testimony of the victim and of a co-worker was sufficient to permit the jury to find that appellant struck the victim and caused her pain. It is not necessary that the victim suffer great physical harm; the infliction of pain is sufficient harm under the statute. *Mize v. State*, 135 Ga. App. 561 (1) (218 SE2d 450) (1975). Accepting appellant's testimony that he threw the bags at the victim rather than holding them in his hand to strike her, the jury could still find that appellant committed a battery. As this court noted in *J.A.T. v. State of Ga.*, 133 Ga. App. 922 (1) (212 SE2d 879) (1975), "[e]ven under the former law, Code § 26-1408, which defined 'battery' rather restrictively as 'the unlawful *beating* of another,' battery was held to be committable without direct physical contact between the parties, e.g., by use of . . . a rock [Cit.]." The evidence was sufficient to authorize any rational trier of fact to find appellant guilty of simple battery beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Jackson v. State*, 182 Ga. App. 826 (357 SE2d 143) (1987).

2. After the jury had deliberated for some time, it asked the court what the "exact charge" against appellant was. In response, the trial court charged the jury as follows: "This defendant is charged with the offense of simple battery which is listed in the accusation which you have before you.

"A person commits the offense of simple battery when he intentionally causes physical harm to another.

"I further charge you that any act of physical violence, and the law will not draw a line between different degrees of violence inflicted on the person of another, which is not necessary, is not privileged and which constitutes a harmful or *offensive* contact constitutes a battery." (Emphasis supplied.)

The last portion of that charge was taken from *Brown v. State*, 57 Ga. App. 864, 867 (197 SE 82) (1938), and it is to that portion of the charge that appellant objects, arguing that the trial court's use of the word "offensive" permitted the jury to convict him for an offensive touching, which is a different method of committing simple battery than that with which appellant was charged. We find his argument meritorious.

The offense of simple battery is defined in OCGA § 16-5-23 (a) (1) & (2). Subsection (a) (1) concerns intentional contact of an insulting or provoking nature, contemplating a touching which does not injure but which is insulting. Subsection (a) (2), on the other hand, concerns the intentional causation of physical harm, a touching which goes beyond insult to the infliction of pain. Appellant was charged

with simple battery in an accusation which alleged that he did "intentionally cause physical harm to the person of [the victim], by striking [her] on the head with a stack of paper bags."

Our reading of that accusation is that appellant was charged with a violation of OCGA § 16-5-23 (a) (2). The jury instruction taken from *Brown*, supra, however, with its reference to an "offensive contact," permitted the jury to convict appellant if it found that he had either caused the victim physical harm or made an offensive contact with her. Appellant's admission that he intentionally caused the paper bags to come into contact with the victim authorized a finding by the jury that he made an offensive contact with the victim but did not cause her pain, a finding which would have supported a verdict of guilty of simple battery under the charge as given.

We held in *Mize*, supra, that physical contact of an insulting nature is a form of simple battery separate from causing physical harm, and that it must be charged specifically. "Thus a charge that simple battery may be committed either by intentionally making physical contact of an insulting or provoking nature or by causing physical harm, while a true statement of the elements of battery, is not a true statement of facts or law under which [appellant] could be convicted in the face of the accusation as drawn." *Dinnan v. State*, 173 Ga. App. 191 (2) (325 SE2d 851) (1984).

"[I]t is reversible error to instruct the jury that an offense may be committed in more than one manner where only one manner is alleged in the indictment and no remedial instructions are given to limit the jury's consideration to that particular manner." *Owens v. State*, 173 Ga. App. 309 (4) (326 SE2d 509) (1985). In our view, the jury instruction taken from *Brown* constituted exactly the error condemned in *Owens* and requires reversal of appellant's conviction.

*Judgment reversed. McMurray, P. J., and Pope, J., concur.*

DECIDED OCTOBER 14, 1988.

*John R. Greco*, for appellant.
*James L. Webb, Solicitor, E. Duane Cooper, Assistant Solicitor*, for appellee.