## A91A1555. HOWE v. THE STATE.
### (414 SE2d 748)

CARLEY, Presiding Judge.

After a jury trial, appellant was found guilty of simple battery. He appeals from the judgment of conviction and sentence entered by the trial court on the jury's guilty verdict, and enumerates as error only the general grounds.

OCGA § 16-5-23 (a) (1), provides, in relevant part, as follows: "A person commits the offense of simple battery when he . . . [i]ntentionally makes physical contact of an insulting or provoking nature with the person of another. . . ." Contrary to appellant's contention, there is nothing in this statutory language which requires that the physical contact with the victim be made by the body of the defendant. " '[E]ven under the former law . . . , which defined "battery" rather restrictively as "the unlawful *beating* of another," battery was held to committable without direct physical contact between the parties. . . .' " (Emphasis in original.) *Lyman v. State*, 188 Ga. App. 790, 791 (1) (374 SE2d 563) (1988). See also *J. A. T. v. State of Ga.*, 133 Ga. App. 922 (1) (212 SE2d 879) (1975). The record shows that, in the instant case, the State proved the occurrence of a physical contact with the victim such as would be proscribed by OCGA § 16-5-23 (a) (1). Therefore, the trial court did not err in denying appellant's motions for directed verdict and for new trial on the general grounds. See *Fitzgerald v. State*, 201 Ga. App. 361 (1) (411 SE2d 102) (1991).

*Judgment affirmed. Beasley, J., and Judge Arnold Shulman concur.*

DECIDED JANUARY 8, 1992.

*Kimel & Bloodworth, George L. Kimel*, for appellant.

*Gerald N. Blaney, Jr., Solicitor, Jessica R. Towne, Assistant Solicitor*, for appellee.