United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 28, 2004**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 02-21078
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-
Appellee,

versus

JOSE LUIS LOPEZ-HERNANDEZ,

Defendant-
Appellant.

-----------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CR-88-ALL
-----------------------------------------------------------------

Before WIENER, BENAVIDES AND STEWART, Circuit Judges.

PER CURIAM:[*]

Jose Luis Lopez-Hernandez (Lopez) challenges his conviction and sentence for having been found unlawfully in the United States subsequent to deportation, a violation of 8 U.S.C. § 1326. As an initial matter, Lopez argues that the "felony" and "aggravated felony" provisions of § 1326(b)(1) and (2) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Lopez

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

concedes that this issue is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), but he seeks to preserve it for further review. This court must follow the precedent in Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000) (internal quotation marks and citation omitted).

Lopez also argues that the district court should have suppressed his prior deportation as a violation of due process. This argument is foreclosed by United States v. Benitez-Villafuerte, 186 F.3d 651 (5th Cir. 1999). Lopez's conviction is AFFIRMED.

Lopez argues that the district court incorrectly increased his base offense level by 16 levels on the basis of his prior conviction in Georgia for family violence battery, an offense the district court deemed to be a crime of violence within the meaning of U.S.S.G. § 2L1.2. Because Lopez raises this argument for the first time on appeal, the sentence imposed by the district court, based on the adjustment, should be reviewed under the plain error standard. See United States v. Gracia-Cantu, 302 F.3d 308, 313 (5th Cir. 2002).

Lopez argues that GA. CODE ANN. § 16-5-23.1(f), family violence battery, is not a crime of violence. The offense is defined as "intentionally caus[ing] substantial physical harm or visible bodily harm to another" person who is a family member. GA. CODE ANN. § 16-5-23.1(a), (f). A crime of violence is defined as (I) "an offense . . . that has an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2, comment. (n. 1(B)(ii)(I)). The use of force "requires that a defendant intentionally avail himself of that force." United States v. Vargas-Duran, 356 F.3d 598, 602 (5th Cir. 2004).

The Georgia offense is results-oriented and does not contain a requirement that the offender apply force, but rather, leaves open the possibility that harm to the victim might result from omission

or from the actions of another person or animal controlled by the offender.[**]  Therefore, it does not qualify for the 16-level adjustment under § 2L1.2.  United States v. Calderon-Pena, ___ F.3d ___, 2004 WL 1888407, *4 (5th Cir. 2004)(en banc); United States v. Gracia-Cantu, 302 F.3d 308, 310 (5th Cir. 2002).

The error is plain and must be corrected because the erroneous sentence affects Lopez's substantial rights and impugns the fairness and integrity of judicial proceedings.  See Gracia-Cantu, 302 F.3d at 313.  Accordingly, Lopez's sentence is VACATED and the case is REMANDED to the district court for resentencing in accordance with Calderon-Pena and Vargas-Duran.

CONVICTION AFFIRMED; SENTENCE VACATED and REMANDED FOR RESENTENCING.

---

[**] See J.A.T. v. State, 212 S.E.2d 879, 923-24 (Ga. App. 1975)(siccing a dog on another amounts to battery).