A07A1219. WILLIAMS v. THE STATE.
(651 SE2d 347)

RUFFIN, Judge.
After a bench trial, Robert Williams was found guilty of one count of selling marijuana and one count of simple battery. On appeal, he challenges the sufficiency of the evidence and contends that the trial court erred in admitting similar transaction evidence. For reasons that follow, we affirm.

---

1. On appeal from a criminal conviction after a bench trial, "we view the evidence with all inferences in favor of the factfinder's conclusion, giving due regard to the trial court's opportunity to judge witness credibility."[1] So viewed, the evidence shows that on the night of March 26, 2005, Williams was sitting on the porch of a house in Savannah. An undercover narcotics officer was walking past the house when Williams called out to the officer that he had "some good weed." The officer sat down next to Williams on the porch and Williams showed him "a small amount of green leafy material which later field tested positive for marijuana." Williams offered to sell some marijuana to the officer for seven dollars. The officer left, obtained seven dollars in marked money, returned to the porch, and purchased the marijuana from Williams. The transaction was observed by other officers, and Williams was immediately arrested. The marked money was in Williams's hand when he was arrested.

After his arrest, Williams was "very disorderly," yelling and screaming profanity at the officers who were preparing to transport him to jail. While in the transport vehicle, he spat upon other occupants. When a female officer attempted to remove Williams from the vehicle, he spat in her face.

Williams contends that there was insufficient evidence to support his convictions for selling marijuana and simple battery. It is clear, however, that there was ample evidence, including eyewitness testimony by law enforcement officers, to support both convictions.[2]

In Georgia, a person commits simple battery when he "[i]ntentionally makes physical contact of an insulting or provoking nature with the person of another."[3] We reject Williams's argument that there was no battery because he "did not make physical contact with [the officer], an object did." "[T]here is nothing in [the] statutory language [of OCGA § 16-5-23 (a) (1)] which requires that the physical contact with the victim be made by the body of the defendant."[4] Spitting in the face of another constitutes physical contact for purposes of the statute.[5] As for Williams's conviction for selling marijuana, the undercover officer's testimony that Williams sold him a substance later identified as marijuana is sufficient to support the conviction.[6] Accordingly, we find this enumeration without merit.

---

[1] (Punctuation omitted.) *Stadnisky v. State*, 285 Ga. App. 33, 34 (1) (645 SE2d 545) (2007).

[2] See *Hansberry v. State*, 260 Ga. App. 480-481 (1) (580 SE2d 274) (2003); *Veit v. State*, 182 Ga. App. 753, 755 (1) (357 SE2d 113) (1987).

[3] OCGA § 16-5-23 (a) (1).

[4] *Howe v. State*, 202 Ga. App. 462 (414 SE2d 748) (1992).

[5] See *Gates v. State*, 224 Ga. App. 216 (480 SE2d 263) (1997) (throwing feces at prison guard constituted simple battery).

[6] See *Lovelace v. State*, 269 Ga. App. 272, 273 (1) (603 SE2d 784) (2004).

2. Williams also contends that the trial court erred in admitting evidence of a similar transaction in 1994 in which he threatened to kill a police officer who was attempting to arrest him.[7] At a pretrial hearing, the trial court admitted evidence of two similar transactions, stating "whether or not they actually bear on his state of mind or intent with respect to authority figures will be a matter for the [trial court] to determine after hearing the evidence."

We review a decision to admit similar transaction evidence for abuse of discretion.[8]

Williams argues that the prejudicial impact of the 1994 similar transaction outweighed its probative value, as the incident occurred more than ten years earlier and did not involve physical contact with the police officer. We conclude, however, that the trial court did not abuse its discretion in finding that this transaction was probative of Williams's bent of mind to become belligerent with police officers when arrested, and was therefore admissible.[9] Moreover, because there is no jury to be prejudiced by evidence of other crimes, "the court in a bench trial has broader discretion in admitting similar transaction evidence than in jury trials."[10] And under these circumstances, where there was ample evidence to support Williams's conviction, it is highly unlikely that the admission of the similar transaction evidence contributed to the trial court's finding of guilt.[11] Accordingly, the trial court did not err "in considering this independent transaction and according it whatever weight it chose."[12]

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED JULY 31, 2007.

*Robert German, Jr.*, for appellant.

*Spencer Lawton, Jr.*, District Attorney, *Thomas M. Cerbone*, Assistant District Attorney, for appellee.

---

[7] Williams apparently does not object to the admission of a similar transaction from 2001 in which he was charged with terroristic threats against a police officer.

[8] See *Harris v. State*, 276 Ga. App. 234, 237 (2) (622 SE2d 905) (2005).

[9] See id.

[10] *Lloyd v. State*, 259 Ga. App. 636, 640-641 (2) (577 SE2d 854) (2003); see *Enloe v. State*, 239 Ga. App. 513, 514 (2) (520 SE2d 925) (1999).

[11] See *Goldsby v. State*, 273 Ga. App. 523, 526 (2) (615 SE2d 592) (2005).

[12] *Lloyd*, supra.