A08A1287. BLANCH v. THE STATE.
(667 SE2d 925)

ANDREWS, Judge.

On appeal from his conviction for aggravated as well as simple battery, Andrew Blanch argues that the evidence was insufficient on the aggravated charge and that the trial court erred when it failed to charge the jury on the meaning of the term "maliciously" and when it admitted a prior conviction for impeachment purposes. We affirm.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence." (Citation omitted.) *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether, after viewing the evidence in the light most favorable to the prosecution, a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the record shows that while he was imprisoned on an unrelated charge, Blanch told a jailer that someone had taken something of his. Blanch was angry, and said that if the jailer did not find the culprit from a video examination, "someone is going down." That same morning, an inmate who had heard Blanch say that someone had taken his food offered Blanch his breakfast. Blanch then punched the inmate, knocking him out and causing bleeding from his ear and other injuries including a fractured septum. The

same jailer who had heard Blanch's threat saw him strike the inmate, who developed chronic nasal congestion after the attack.

Two days later, an officer at the jail observed Blanch inserting a tied-up sheet through the meal flap on his cell door. When a deputy approached Blanch and told him to stop, Blanch spit at him through his cell door window, striking the deputy's face.

1. The questions whether Blanch's act of punching the inmate was malicious and whether his act of spitting on the deputy was insulting or provoking were for the jury's determination. It follows that the evidence outlined above was sufficient to sustain Blanch's conviction on both charges. See OCGA §§ 16-5-24 (a) (defining aggravated battery as "maliciously caus[ing] bodily harm to another" by means including "seriously disfiguring his or her body or a member thereof"), 16-5-23 (a) (1), (e) (defining simple battery against a law enforcement officer as "physical contact of an insulting or provoking nature" with that officer); *Jones v. State*, 283 Ga. App. 631, 633 (1) (642 SE2d 331) (2007) (evidence of permanent damage to victim's nose was sufficient to sustain conviction for aggravated battery); *Brown v. State*, 57 Ga. App. 864, 867 (197 SE 82) (1938) (defining battery as the "unlawful touching or striking of the person of another by the aggressor himself *or by any substance put in motion by him*, done with the intention of bringing about a harmful or offensive contact or apprehension thereof") (citation and punctuation omitted; emphasis supplied); *Jackson*, supra.

2. A trial court is not required to define the term "maliciously" in the course of instructing a jury on the elements of aggravated battery. The term "has such obvious significance and common understanding that there is no need to define it in the jury charge." (Citations and punctuation omitted.) *Webb v. State*, 228 Ga. App. 624, 624-625 (1) (492 SE2d 312) (1997). Here, the trial court charged the jury on the elements of aggravated battery by reading the statute nearly verbatim, and also instructed the jury on the State's burden of proving not only Blanch's guilt beyond a reasonable doubt but also that he was not justified in striking the inmate. There was no error. Id.

3. OCGA § 24-9-84.1 (a) (3) provides that for purposes of impeachment, "[e]vidence that any witness or the defendant has been convicted of a crime shall be admitted if it involved dishonesty or making a false statement, regardless of the punishment that could be imposed for such offense." Here, the State produced evidence showing that Blanch was convicted of possessing soap, a noncontrolled substance, with the intent to distribute it as crack cocaine, a controlled substance. See OCGA § 16-13-30.1 (a) (1). As the trial court noted, this was a crime of fraud involving the knowing misrepresentation that soap was cocaine. It follows that the trial

court did not err when it admitted this conviction under OCGA § 24-9-84.1 (a) (3). See *Habersham v. State*, 289 Ga. App. 718, 721 (4) (a) (658 SE2d 253) (2008) (defendant's act of taking the stand made his conviction for giving false information admissible for purposes of impeachment under OCGA § 24-9-84.1 (a) (3), which "does not require the trial court to balance the probative value of such evidence against any prejudicial effect") (footnote omitted).

*Judgment affirmed. Ruffin, P. J., and Bernes, J., concur.*

DECIDED SEPTEMBER 30, 2008.

*Mary Erickson*, for appellant.
*David McDade, District Attorney, Nedal S. Shawkat, Assistant District Attorney*, for appellee.